OPINION
Appellant Willis Long appeals in these consolidated appeals from orders of the juvenile court terminating his parental rights to five minor children. The children's mother was convicted of murdering their youngest sibling and is not a party to these appeals.
On June 11, 1995, the children's mother, Kimmie Wilson, beat the infant Sh'Keisha Long to death. The child, who, along with the others, was in appellant's custody, had been savagely tortured for an extended period of time before her death. The remaining children Tanisha and Tiffany Wilson, who had different fathers,[1] and Antoinette, Willis, and Michael Long, fathered by appellant, were removed from his custody and placed in the emergency custody of the Cuyahoga County Department of Children and Family Services ("CCDCFS") following the murder.
On April 10, 1996, CCDCFS filed a complaint for permanent custody. The complaint alleged that the children were dependent and neglected. The older children had been in CCKCFS's custody twice before, while the two younger children had been in agency custody once before. The complaint alleged that appellant failed to protect the murdered child and was unable to provide a safe and stable environment for the surviving children.
Following a hearing, the children were found to be neglected and dependent and the matter was scheduled for a dispositional hearing. The dispositional hearing was conducted over the course of three days. CCDCFS presented testimony from its social worker Kathleen Costello, Reginald McAlpine of the Institute for Responsible Fatherhood, in addition to stipulated reports from Judy Gogolen, of Applewood Center for Counseling, and from Dawn Sansone, of Parmadale Foster Care.
Costello testified at length that Long failed to comply with the terms of his case reunification plan. She stated that, interalia, Long failed to (1) attend or complete the parenting class to which she referred him, (2) maintain stable, adequate housing, or (3) have adequate plans for daycare while he was at work. Long was referred to Murtis Taylor and Kaiser for parenting classes, but did not attend. Although Long participated in a less structured program with the National Institute for Responsible Fatherhood, described by Reginald McAlpine, it was not licensed or approved by CCDCFS. Moreover, he began the program shortly before the hearing on the motion for permanent custody, and attended only 3 of 5 classes out of a total 16-week program.
Costello also testified that Long did not maintain a stable adequate residence. For most of the time, he was evasive in identifying where he resided and some of the addresses he reported to her were incorrect. Certified mail sent by CCDCFS to Long was returned undelivered. Although Long ultimately obtained adequate housing less than one month prior to the final hearing, he was leasing the premises on a month-to-month basis. As of the final hearing, Long still had no adequate plans for who was going to care for the five children when he was at work during the day. In short, although Long made some response to the case plan requirements, his response was "too little, too late."
In a report entered into evidence by stipulation of the parties, Judi Gogolen, LPCC, stated that the two oldest children expressed their desire not to resume living with Long, their stepfather. According to Gogolen, it was in the best interest of all five children to remain in permanent custody of CCDCFS with the goal of adoption. Four of the children shared the same foster family and had a stable, family life together. Neither Long nor the other two relatives seeking permanent custody of any of the children could adequately provide for the children.
Long testified on his own behalf. He described his efforts to comply with the case plan. His version of events did not conflict with that offered by CCDCFS, but he sought to put events in a different light. He emphasized the efforts and progress made toward completing his case plan rather than the fact that he had still not completed it.
On June 17, 1997, the juvenile court found by clear and convincing evidence that it was in the best interest of the each of the five children to grant permanent custody of them to the CCDCFS. The court concluded that reasonable efforts had been made to prevent removal of the children from their home and that no relatives were able to care for them. It entered detailed findings of fact and conclusions of law proposed by CCDCFS.
Appellant timely appeals raising the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY OF TANISHA AND TIFFANY WILSON AND ANTOINETTE, WILLIAM AND MICHAEL LONG TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES WHERE IT WAS NOT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT HAD NOT COMPLETED HIS CASE PLAN AND THAT THE CHILDREN COULD NOT OR SHOULD NOT BE PLACED WITH HIM WITHIN A REASONABLE PERIOD OF TIME.
This assignment lacks merit.
Long argues that CCDCFS did not prove by clear and convincing evidence that it was in the best interest of the five children to terminate his parental rights. He also argues that the juvenile court improperly awarded permanent custody to CCDCFS because he substantially completed his case plan and should be reunified with his children.
R.C. 2151.414(B)(1)[2] defines the grounds for awarding permanent custody to a public children services agency and provides in pertinent part as follows:
 (B) The court may grant permanent custody of a child to a movant if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
R.C. 2151.414(D) specifies several factors to consider when determining the best interest of the child, as follows:
 (D) In determining the best interest of a child "* * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;
 (2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (3) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard to the maturity of the child;
(4) The custodial history of the child;
 (5) The child's need for legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Our review of the record reveals substantial evidence to support the juvenile court's determination that it was in the best interest of each child to be placed in permanent custody of CCDCFS. The five-page report of Judi Gogolen, LPCC, specifically addresses these criteria with respect to each of the five children. Long stipulated to the admissibility of this report and presented little, if any, evidence to rebut its conclusions.
His brief on appeal makes only passing reference to this argument — in one sentence on page 11 — and points to no evidence in the record to support his claim to the contrary. After reviewing the entire record, we are convinced that the record fully supports the trial court's finding, by clear and convincing evidence, that it was in the best interest of each child to be placed in the permanent custody of CCDCFS. Under the circumstances, Long has failed to show any error concerning the juvenile court's finding.
Finally, R.C. 2151.414(E) governs the juvenile court's determination whether a child can be placed with a parent, and provides in pertinent part as follows:
 In determining * * * whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 (1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside the child's home.
In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of * * * other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
R.C. 2151.414(E)(1) specifically provides that the juvenile court consider whether a parent has complied with the case plan for reunification. The record in the case at bar unambiguously shows that Long failed completely to use the parenting class and counseling services to which he was referred. Long made no effort to attend either the Murtis Taylor or Kaiser parenting classes to which he was referred. The Institute for Responsible Fatherhood program, which Long began attending shortly before the final hearing in this case, was unlicensed and not approved by CCDCFS.
The cases sub judice were the second and third time these children had been in CCKCFS's custody on charges of neglect. Under the circumstances, CCDCFS could properly insist that Long demonstrate substantial improvement in his parenting skills and the living environment he could provide for the children. Belated and sporadic attempts to cooperate with a case plan are insufficient compliance to warrant reunification.
Accordingly, Long's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J.
KENNETH A. POCCO, J.,
ANNE L. KILBANE, J., CONCUR.
[1] The alleged fathers of these two children did not appear in these proceedings.
[2] R.C. 2151.414 has been amended after the relevant events in these cases in ways that do not affect the disposition.